UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-11407 |
| | ) | |
| v. | ) | |
| | ) | |
| PLANNED PARENTHOOD OF ILLINOIS, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM
AND FOR A PROTECTIVE ORDER**

NOW COMES Plaintiff, JANE DOE, by and through her counsel, Jeffrey Law Office, LLC, and pursuant to Federal Rules of Procedure 26(c), respectfully moves this Court for an order granting her leave to proceed under a pseudonym and for a protective order limiting disclosure of her identity to counsel for Defendant, and states as follows:

**I. INTRODUCTION**

Plaintiff respectfully requests leave to proceed under a pseudonym to protect her personal safety and privacy in light of the well-documented risks associated with her former employment at a major abortion provider in Illinois. Given the hostile political and social environment following the *Dobbs* decision and documented incidents of violence and threats targeting abortion providers and their staff in Illinois, anonymity is both necessary and justified.

**II. ARGUMENT**

In general, a complaint must state the names of all parties. *See* FED. R. CIV. P. 10(a). But there may be exceptional circumstances warranting some form of anonymity in judicial proceedings. *Doe v. Village of Deerfield*, 817 F.3d 597 (7th Cir. 2016). The Seventh Circuit allows

1

plaintiffs to proceed anonymously where there are significant privacy interests or "real danger of physical harm" implicated by the disclosure of the plaintiff's name. *Id*.

In addition, Federal Rule of Civil Procedure 26(c) specifically permits the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party. The granting of a protective order under Rule 26(c) requires a showing of good cause by the movant, which Plaintiff has shown here.

There is a real danger of physical harm to Plaintiff as evidenced by the following:

- The Illinois abortion provider community has been subject to severe and escalating threats, including arson and stalking, exemplified by the 2023 Peoria Planned Parenthood firebombing and the Danville attempted arson attack.
- Statewide statistics reveal a sharp increase in harassment, death threats, clinic invasions, and stalking targeting providers and their staff.
- Plaintiff's firsthand experience working at the provider during these incidents gives her a credible basis to fear retaliation, harassment, and physical danger if her identity is publicly disclosed.
- Plaintiff's identity is not essential to the adjudication of her employment discrimination claims.
- Illinois courts have previously granted anonymity and protective orders under analogous circumstances where parties faced credible risks of harm or harassment.

Further, the following documented incidents of violence and threats in recent past further support Plaintiff's valid concern for her safety:

- **January 15, 2023 – Peoria Clinic Firebombing:** A Molotov cocktail-style device was thrown through the window of the Peoria clinic, causing approximately $150,000 in damages and forcing closure for over a year. The suspect was federally prosecuted and sentenced to 10 years in prison. (Sources: AP News, DOJ Press Release)
- **May 20, 2023 – Danville Arson Attempt:** A suspect rammed a vehicle loaded with gasoline into a Danville clinic. The suspect was arrested and sentenced to 5 years in prison. (Sources: Local news reports)

- **March 2024 – Storming of Chicago Corporate Office:** A male intruder breached security at PPIL's downtown Chicago administrative offices, leading to a police lockdown and significant trauma among staff. (Sources: PPIL Annual Safety Report, Chicago Tribune)

- **Multiple Bomb Threats & Vandalism (2022–2025):** PPIL clinics in Aurora, Springfield, and Champaign have been targets of at least 22 documented threats, including bomb scares, graffiti, smashed windows, and aggressive protester actions. (Sources: NBC Chicago, ABC7 Chicago)

- **March 2025 – Closure of Englewood Clinic:** PPIL shuttered its Englewood location—the sole clinic serving the historically Black and economically marginalized South Side of Chicago. Community members protested the closure, citing disproportionate impact and neglect. (Source: Chicago Sun-Times, March 2025)

In addition, the volatility surrounding abortion services in Illinois continues to escalate amid national and regional political tensions. While Illinois generally supports reproductive rights, it remains a target for extremist groups, particularly given its proximity to more restrictive states. Notably, national and regional anti-abortion protests have intensified, often naming or doxxing individual clinic employees and former employees; current federal and state political climates have emboldened groups that openly threaten abortion providers and their supporters; former and current employees have been surveilled, harassed, and publicly threatened following media or legal exposure; and groups such as the Pro-Life Action League actively oppose abortion services and contribute to this hostile environment.

Therefore, as a former employee of Defendant, Plaintiff faces credible threats to personal safety, including harassment, doxxing, and physical harm. The hostile climate is underscored by documented acts of violence and harassment against abortion providers and their staff. While Plaintiff does not currently reside in the community served by the Englewood Clinic, which closed in March 2025, she has visited the location multiple times in her official capacity. This clinic served the historically Black and economically marginalized South Side of Chicago community experiencing ongoing unrest and heightened tensions, including pronounced hostility toward

abortion services, current employees, and former employees. The closure of the only clinic servicing this area sparked significant outrage among community members. This geographic and social context significantly elevates the risks to Plaintiff's personal safety and privacy.

## CONCLUSION

Due to the credible threats of violence, ongoing political extremism targeting abortion providers, the sensitivity of the organizational misconduct involved, and the high stakes to Plaintiff's personal safety, there are exceptional circumstances warranting Plaintiff's anonymity in this matter. In sum, this identity of Plaintiff puts her in real danger of physical harm.

As such, and for the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion to proceed under pseudonym and for a protective order limiting disclosure of her identity to counsel for Defendant.

Dated:  September 26, 2025

    /s    Antonio L. Jeffrey<br>
          Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC<br>
Antonio L. Jeffrey (#6308345)<br>
1301 W. 22nd Street, Suite 308<br>
Oak Brook, Illinois 60523<br>
(312) 583-7072<br>
(312) 583-0888 (fax)<br>
ajeffrey@jeffreylawoffice.com