IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-11407 |
| | ) | |
| v. | ) | Hon. Elaine E. Bucklo |
| | ) | |
| PLANNED PARENTHOOD OF ILLINOIS, | ) ) | Magistrate Judge Daniel P. McLaughlin |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PLANNED PARENTHOOD
OF ILLINOIS' MOTION TO REQUIRE COMPLIANCE
WITH FEDERAL RULES OF CIVIL PROCEDURE 10(A) AND 17**

NOW COMES Defendant, PLANNED PARENTHOOD OF ILLINOIS ("PPIL"), by and through its undersigned attorneys, and in support of its Motion to Require Compliance with Federal Rules of Civil Procedure 10(a) and 17, states as follows:

**BACKGROUND**

Plaintiff Jane Doe has filed suit under a pseudonym against her former employer, PPIL, alleging that PPIL hired, promoted, and compensated other employees in a discriminatory manner. (Dkt. 1). She asserts claims of (1) race discrimination (Black) in violation of Title VII; (2) national origin (American) discrimination in violation of Title VII; (3) sex (female) / sexual orientation (heterosexual) discrimination in violation of Title VII; and (4) age (over 40) discrimination in violation of the Age Discrimination in Employment Act against PPIL related to her compensation. (*Id*.) Importantly, Plaintiff does not bring any claims involving harassment and/or any threats to her personal safety. (*Id*.)

Plaintiff contends that she should be allowed to proceed under a pseudonym in the instant suit because, as a former employee of PPIL, she "faces credible threats to personal safety,

including harassment, doxxing, and physical harm." (Dkt. 5). Before Summons was issued and Defendant was served in this matter, this Honorable Court entered a minute order granting Plaintiff's Motion for Protective Order and Leave to Proceed Under Pseudonym. (Dkts. 5, 6, and 8). Because Defendant was not yet aware of this lawsuit, Defendant did not have an opportunity to contest Plaintiff's Motion to proceed under a pseudonym.

As discussed below, there is a presumption that court filings are public, and there is a presumption that individuals who pursue claims against their former employers will proceed publicly with their claims. Plaintiff has not met her burden to overcome this presumption and, therefore, this Honorable Court should order her to fully comply with Rules 10(a) and 17 and identify her name. Fed. R. Civ. P. 10(a) and 17. Additionally, to the extent necessary, Defendant also moves to vacate this Court's minute order granting Plaintiff's Motion for Protective Order and Leave to Proceed Under Pseudonym. (Dkt. 6).

## **LEGAL STANDARD**

"Rule 10(a) of the Federal Rules of Civil Procedure, in providing that the complaint shall give the names of all the parties to the suit . . . instantiates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). Under Rule 10(a), "[j]udicial proceedings are supposed to be open. *Doe v. City of Chi.*, 360 F.3d 667, 669 (7th Cir. 2004); *see also Doe v. Vill. of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016); Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all parties."). Suing someone anonymously is unfair to a defendant, as a no-name plaintiff can accuse a defendant of misconduct "without shame or liability." *In re: Boeing 737 Max Pilots Litig.*, Lead Case No. 1:19-cv-5008, 2020 WL 247404, 2020 U.S. Dist. LEXIS 7431, at *8 (N.D. Ill. Jan. 16, 2020) (quoting *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). "[C]oncealment of a

2

party's name impedes public access to the facts of the case." *City of Chi.*, 360 F.3d 669. Additionally, Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." *See* Fed. R. Civ. P. 17.; *see also Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070 (8th Cir. 2024) reh'g denied en banc 2024 U.S. App. LEXIS 19064 (8th Cir. July 31, 2024) (denying plaintiffs leave to proceed under a pseudonym because plaintiffs had not sufficiently established a threat of a hostile public reaction, including from potential political activists, to their lawsuit that would warrant anonymity). "Courts have declined to allow plaintiffs to proceed pseudonymously where plaintiffs feared they would face disapproval by many in their community if they prosecuted the case under their real name." *Cajune*, 105 F.4th at 1077 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

To overcome Rule 10(a)'s presumption against anonymity, Plaintiff must demonstrate "exceptional circumstances" where identifying herself would outweigh any harm from allowing her to proceed anonymously. *City of Chi.*, 360 F.3d at 669-70. "[T]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method or proceeding in federal courts." *Id*. (citing *Blue Cross*, 112 F.3d at 872). This standard has not been met here.

## ARGUMENT

While Plaintiff claims she fears "credible threats to [her] personal safety, including harassment, doxing, and physical harm," she does not identify any specific threat made to her or any former employee of PPIL. Instead, she cites general incidents where PPIL clinics were targeted. Moreover, Plaintiff does not allege in her Complaint or Motion to Proceed Under Pseudonym and for a Protective Order that PPIL harassed her or threatened her physical safety. Rather, Plaintiff's claims involve allegations of discrimination based on her race, national origin,

3

sex, sexual orientation, and age as it relates to her compensation. Further, Plaintiff acknowledges that she does not reside in the community served by the former PPIL Englewood Clinic (or any community served by PPIL), so any perceived personal threat against Plaintiff's personal safety by individuals in the Englewood Community is certainly a stretch.

Furthermore, Plaintiff has not shown any exceptional circumstances that would justify allowing her to proceed anonymously in this Complaint. In rare circumstances, courts will allow parties to proceed anonymously "to protect the privacy of children, rape victims, and other particularly vulnerable parties." *Blue Cross*, 112 F.3d at 872; *Vill. of Deerfield*, 819 F.3d at 376-377. Plaintiff is not a child; she does not allege that she is a rape victim; and, she is not a vulnerable party. She likewise has not identified a real, specific threat of harm to her physical safety. If this Honorable Court allowed Plaintiff to proceed under a pseudonym in this case, then the Court would essentially be opening the floodgates by signaling that any former PPIL employee (or any employee who performed work for a "controversial" employer) could proceed anonymously in court when filing a Complaint involving allegations of employment discrimination related to compensation. This result would be absurd and counter to Rule 10(a) and the presumption of public court filings. *See In re: Boeing 737 Max Pilots Litig.*, 2020 U.S. Dist. LEXIS 7431, at *9-10 (denying plaintiffs' attempts to proceed anonymously and noting that the Seventh Circuit has frowned on the disfavored practice of bringing claims incognito) (citing *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation . . . The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret.")).

**WHEREFORE**, Defendant, Planned Parenthood of Illinois, respectfully requests that this Court require and order Plaintiff to comply with Federal Rules of Civil Procedure 10(a) and

17, vacate this Court's Minute Order granting Plaintiff's Motion for Protective Order and Leave to Proceed Under Pseudonym (to the extent necessary), and for any other relief deemed just and appropriate.

Dated: November 4, 2025

                                              Respectfully Submitted,

                                              **PLANNED PARENTHOOD OF ILLINOIS**

                                              By: _/s/ Heather A. Bailey_
                                              Heather A. Bailey, Esq. (ARDC # 6274501)
                                              Laurie I. Smigielski, Esq. (ARDC # 6297645)
                                              Amundsen Davis, LLC
                                              150 North Michigan Avenue, Suite 3300
                                              Chicago, Illinois 60601
                                              Telephone: (312) 894-3266
                                              Facsimile: (773) 599-8356
                                              hbailey@amundsendavislaw.com
                                              lsmigielski@amundsendavislaw.com
                                              _Attorneys for Defendant Planned Parenthood of Illinois_

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 4, 2025, I electronically filed the foregoing ***Defendant Planned Parenthood of Illinois' Motion to Require Compliance with Federal Rule of Civil Procedure 10(a) and 17*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                                      /s/ *Heather A. Bailey*
                                      ATTORNEY FOR DEFENDANT,
                                      PLANNED PARENTHOOD OF ILLINOIS