```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


Daphne Smith,                      )
                                   )
     Plaintiff,                    )
                                   )
                                   )
     v.                            )     No. 25 C 11407
                                   )
                                   )
Planned Parenthood of Illinois,    )
                                   )
     Defendant.                    )
```

Memorandum Opinion and Order

In this employment discrimination case, Daphne Smith has sued her former employer, Planned Parenthood of Illinois ("PPIL"), under Title VII and the Age Discrimination in Employment Act. Pending before me is PPIL's partial motion to dismiss. I grant that motion.

I.

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 290 (7th Cir. 2016). A complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atlantic*

1

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Notice pleading is especially generous in the employment discrimination context. *Graham v. Bd. of Ed.*, 8 F.4th 625, 627 (7th Cir. 2021) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). But even there, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II.

In August 2022, Smith interviewed for a position with PPIL. During the interview, Smith requested a higher salary and a grander title than those PPIL was initially offering. PPIL declined to grant either request, but Smith took the job anyway. After starting work, Smith noticed that four other employees with less experience or fewer qualifications received higher pay and were promoted to higher positions within the organization. All four of the other employees were younger than Smith; all four belonged to "the LGBTQIA+ community;" and three of them were of another race than her. ECF 18 at 4-5.

PPIL promoted some younger employees[1] more quickly and treated them more favorably than Smith. In the summer of 2023, PPIL gave Smith an unfavorable performance review which underrated her work. Smith refused to sign the review and PPIL "began creating a hostile work environment." *Id.* at 5. Then, from late fall of that year and into the spring of 2024, some kind of incident with one of Smith's direct reports led to her investigation for bullying, culminating, eventually, in her termination in June 2024.

Following her termination, Smith filed suit, framing her claims in four counts: discrimination based on her race, national origin, and sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and discrimination based on her age under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. The motion before me concerns only Count II, where Smith claims that PPIL discriminated against her based on her national origin.

### III.

Smith is "American."[2] ECF 18 at 2. The complaint's allegations going to national origin are as follows. In the facts section,

---

[1] It is not clear if these employees were members of the previously mentioned four or if they were other younger employees. *See* ECF 18 at 4–6.

[2] Presumably she means that she is from the United States.

Smith writes that, "Because of [Smith's]...national origin...[Smith] was subjected to disparate treatment and discrimination, including being undercompensated in comparison to her less experienced comparators." *Id.* at 7. In the text of Count II, Smith writes that PPIL discriminated against her "because of her national origin by refusing to accommodate her desire of a safe and free non-discriminatory hiring process and discriminating against her for the same." *Id.* at 9. She notes in the same section that "Other White job candidates...were not discriminated against." *Id.* And she writes, finally, that her "national origin was a substantial and motivating factor in [PPIL's] decision to discriminate against" her. *Id.* Smith's complaint does not mention the national origin of any of PPIL's other employees.

This is too thin. By contrasting her race, sex, and sexual orientation with those of her colleagues, Smith at least hints that those characteristics might have motivated her mistreatment and firing. In the employment discrimination context, where a plaintiff need not make out even a prima facie case of discrimination, hints are enough. *Swierkiewicz*, 534 U.S. at 511 ("[U]nder a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case...in every employment discrimination case."); *Graham*, 8 F.4th at 627 (finding *Swierkiewicz* still operative after *Twombly* and

4

*Iqbal*). But as to her national origin, Smith has not pled facts which even hint that it was the cause of PPIL's alleged discriminatory treatment—she has offered, at best, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### IV.

I dismiss Count II without prejudice. As this is the first dismissal and as Smith has requested leave to amend, Smith may file an amended complaint within 30 days of this order, to the extent that she can do so consistent with this opinion and Federal Rule of Civil Procedure 11. If she fails to file an amended complaint within that time, Count II will be dismissed with prejudice.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge
Dated: February 9, 2026